**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

| | |
|---|---|
| CONNOR SPORT COURT INTERNATIONAL, LLC, a Delaware Limited Liability Company,<br><br>Plaintiff,<br><br>v.<br><br>BIG "D" PAVING COMPANY, INC., a Florida corporation,<br><br>Defendant. | Case No. _____<br><br>**DEMAND FOR JURY TRIAL** |

## **COMPLAINT**

Plaintiff Connor Sport Court International, LLC (hereinafter "CSCI"), by and through its counsel, hereby files this Complaint with Jury Demand against Defendant Big "D" Paving Company, Inc. (hereinafter "Defendant" or "Big D") and alleges as follows:

## **NATURE OF THE ACTION**

1. CSCI brings this action under the Lanham Trademark Act, Title 15, United States Code § 1051.

## **PARTIES**

2. CSCI is a Delaware limited liability company and maintains a principal place of business at 5445 W. Harold Gatty Drive, Salt Lake City, Utah 84116. CSCI has contracted independent distributors, dealers, and installers to sell its products and services nationally across the United States, including within this judicial district.

3. Upon information and belief, Big D is a Florida corporation having a principal place of business at 6622 Wallis Road, West Palm Beach, Florida 33413, and conducts business within the United States, including within this judicial district.

1

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§1331, 1338 and 15 U.S.C. §§ 1114, 1121, 1125.

5. This Court has supplemental jurisdiction over Florida state law claims pursuant to 28 U.S.C. § 1367(a) because the claims are so related to the federal claims that they form part of the same case or controversy.

6. Upon information and belief, venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(1) because Defendant maintains a principal place of business within this judicial district.

7. Upon information and belief, this Court has specific personal jurisdiction over Defendant because Defendant maintains a principal place of business within this judicial district, transacts and does business within this judicial district, causing harm suffered in the State of Florida, and this action is based upon activities that arise out of or relate to those contacts.

8. Upon information and belief, this Court also has general personal jurisdiction over Defendant because Defendant resides within this judicial district.

## GENERAL ALLEGATIONS

### CSCI'S TRADEMARKS

9. Since at least as early as 1974, CSCI (and/or its predecessors-in-interest) has used the mark SPORT COURT in connection with the sale of athletic flooring, athletic accessories, and distribution, dealership, installation, and maintenance services for those products.

10. CSCI is the standout leader within the athletic flooring industry and supplies SPORT COURT branded products to such notable organizations as the National College Athletic Associate (the "NCAA") and USA Volleyball.

11. For over 50 years, CSCI (and/or its predecessors-in-interest) has marketed and distributed its goods and services nationally, including in the State of Florida, under the mark SPORT COURT, acquiring substantial federal and common law trademark rights as well as goodwill in the mark SPORT COURT (hereinafter, the "SPORT COURT Mark").

12. CSCI's federal trademark rights include ownership of United States Trademark Registration No. 1,100,976 ("the '976 Registration") for the SPORT COURT Mark registered for use in connection with "recreational patio installation services." This mark has acquired incontestable status under 15 U.S.C. § 1065. Attached as **Exhibit A** is a copy of the '976 Registration certificate and a printout of its current status on the Trademark Status & Document Retrieval system of the United States Patent and Trademark Office ("TSDR").

13. CSCI is also the owner of United States Trademark Registration No. 1,155,586 ("the '586 Registration") for the SPORT COURT Mark registered for use in connection with "sports equipment-namely, backboards, nets and ball rebounders." This mark has acquired incontestable status under 15 U.S.C. § 1065. Attached as **Exhibit B** is a copy of the '586 Registration certificate and a printout of its current status on TSDR.

14. CSCI is also the owner of United States Trademark Registration No. 1,727,818 ("the '818 Registration") for the SPORT COURT Mark registered for use in connection with "recreational and athletic play surfaces and related equipment for said surfaces; namely, nets, basketball backboards and lighting fixtures sold as a unit." This mark has acquired incontestable status under 15 U.S.C. § 1065. Attached as **Exhibit C** is a copy of the '818 Registration certificate and a printout of its current status on TSDR.

15. CSCI is also the owner of United States Trademark Registration No. 2,479,328 ("the '328 Registration") for the SPORT COURT Mark registered for use in connection with

"plastic interlocking floor tiles." This mark has acquired incontestable status under 15 U.S.C. § 1065. Attached as **Exhibit D** is a copy of the '328 Registration certificate and a printout of its current status on TSDR.

16. As a result of CSCI's long and extensive use of the SPORT COURT Mark, it has become well known as an indicator of high-quality athletic flooring and related services.

17. The SPORT COURT Mark has acquired significant goodwill and is an asset of enormous value.

18. Through CSCI's promotion and advertising under the SPORT COURT Mark, the public has come to recognize the SPORT COURT Mark as originating from CSCI.

19. The SPORT COURT Mark is distinctive when used in connection with CSCI's goods and services.

### DEFENDANT'S MISCONDUCT

20. Defendant is in the business of installing, repairing, and resurfacing outdoor athletic surfaces for residential and commercial spaces, and as a result, Defendant directly competes with CSCI in the athletic flooring industry.

21. Defendant uses a "Sport Court" trademark (the "Infringing Mark") that is identical or substantially indistinguishable from the SPORT COURT Mark in its marketing and advertising materials and on its website bigdpaving.com, including in the visible text and hidden code. Attached as **Exhibit E** is a printout of Defendant's website with the Infringing Mark visible.

22. Defendant is not authorized by CSCI to use the SPORT COURT Mark in connection with Defendant's goods and services.

23. Defendant is offering goods and services highly similar to the types of goods and services offered by CSCI using a trademark that is identical or substantially indistinguishable to the SPORT COURT Mark owned by and federally registered to CSCI.

24. Defendant's actions are likely to cause confusion, to cause mistake, or to deceive consumers as to the source of its goods and services and cause a false association between CSCI and Defendant.

25. Upon information and belief, Defendant uses the SPORT COURT Mark with the intent to influence the results of Internet search engine queries for "SPORT COURT" to improperly divert consumers away from CSCI to Defendant.

26. On or about November 14, 2024, CSCI sent Defendant a cease-and-desist letter, requesting that Defendant cease any further use of the SPORT COURT Mark, as well as any other substantially similar marks on its website bigdpaving.com. A copy of the letter is attached as **Exhibit F**. CSCI requested written compliance by November 28, 2024. No response was received, and no changes were made to Defendant's website.

27. On or about January 13, 2025, CSCI sent Defendant a second cease-and-desist letter to stop using the SPORT COURT Mark. A copy of the letter is attached as **Exhibit G**. CSCI demanded written compliance by January 27, 2025. No response was received, and no changes were made to the website.

28. On or about January 29, 2025, CSCI sent Defendant a third letter demanding that Defendant stop using the SPORT COURT Mark. A copy of the letter is attached as **Exhibit H**. CSCI demanded written compliance by February 5, 2025.

29. In response to this letter, Defendant sent an email on January 30, 2025, indicating that it would not cease use of the SPORT COURT Mark. CSCI responded to Defendant's email

on February 10, 2025, requesting written compliance by February 20, 2025. In response, Defendant sent an email on February 17, 2025, demanding CSCI to "File suit or go crawl back into whatever cave you came from." A copy of the email correspondence is attached as **Exhibit I**.

30. Defendant, therefore, has actual notice that CSCI owns federal trademark registrations for the SPORT COURT Mark and owns common law rights in the SPORT COURT Mark.

31. Defendant's actions are likely to cause confusion, to cause mistake, or to deceive consumers as to the source of its goods and services and cause a false association between CSCI and Defendant.

32. Upon information and belief, Defendant's actions constitute a knowing and willful false designation of origin of Defendant's goods and services.

33. Upon information and belief, Defendant's actions have resulted in, and will continue to result in substantial, imminent, and irreparable harm and injury to CSCI and consumers. Additionally, the harm to CSCI from Defendant's actions is not fully compensable by money damages. CSCI has suffered and continues to suffer irreparable harm that has no adequate remedy at law and that will continue unless the infringement committed by Defendant is permanently enjoined.

### FIRST CAUSE OF ACTION

#### INFRINGEMENT OF FEDERALLY REGISTERED TRADEMARKS - 15 U.S.C. § 1114

34. CSCI realleges and incorporates by reference paragraphs 1 through 33 as if fully set forth herein.

35. CSCI owns the '976 Registration, '586 Registration, '818 Registration, and '328 Registration—all valid United States trademark registrations for the SPORT COURT Mark and holds the exclusive rights to market and sell its products and services bearing the SPORT COURT Mark.

36. Defendant uses the Infringing Mark in its marketing and advertising materials and on its website bigdpaving.com, including in the visible text and hidden code, for identical or substantially similar goods and services as the SPORT COURT Mark.

37. Defendant is not authorized by CSCI to use the SPORT COURT Mark in connection with Defendant's goods and services.

38. Defendant's actions are likely to cause confusion, to cause mistake, or to deceive consumers and are trademark infringement pursuant to 15 U.S.C. § 1114.

39. Upon information and belief, Defendant's actions were and are deliberate, willful, fraudulent, and constitute a knowing infringement of the SPORT COURT Mark.

40. Defendant's infringement of the SPORT COURT Mark has caused and will continue to cause damage and irreparable injury to the value and goodwill of the SPORT COURT Mark, as well as damage and cause irreparable injury to CSCI's goodwill, business, and reputation.

41. Upon information and belief, CSCI is being irreparably damaged by Defendant's willful, unauthorized use of the SPORT COURT Mark in the manner set forth above and will continue to be damaged unless Defendant is enjoined from using the CSCI's registered SPORT COURT Marks or any colorable imitation thereof.

42. CSCI is entitled to injunctive relief under 15 U.S.C. § 1116(a) as there is no adequate remedy at law to fully redress Defendant's unlawful conduct.

43.     In addition to injunctive relief, CSCI is entitled to all actual damages and lost profits that it has sustained in the amount to be determined at trial, including but not limited to up to three times Defendant's profits and gains as a result of its unfair competition described above, attorneys' fees, and the costs of this action pursuant to 15 U.S.C. § 1117.

## SECOND CAUSE OF ACTION

**FEDERAL FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION - 15 U.S.C. § 1125(a)**

44.     CSCI realleges and incorporates by reference paragraphs 1 through 33 as if fully set forth herein.

45.     CSCI owns the '976 Registration, '586 Registration, '818 Registration, and '328 Registration—all valid United States trademark registrations for the SPORT COURT Mark and holds the exclusive rights to market and sell its products and services bearing the SPORT COURT Mark.

46.     The SPORT COURT Mark has achieved secondary meaning, associating it in the minds of the purchasing public with CSCI and its services.

47.     Defendant uses the Infringing Mark in its marketing and advertising materials and on its website bigdpaving.com, including in the visible text and hidden code, for identical or substantially similar goods and services as the SPORT COURT Mark.

48.     Defendant is not authorized by CSCI to use the SPORT COURT Mark in connection with Defendant's goods and services.

49.     Defendant's conduct as alleged herein, including its use of the Infringing Mark, constitutes a false designation of origin, sponsorship, affiliation, and/or association of CSCI or the SPORT COURT Mark with Defendant and Defendant's products and services.

50. Defendant's conduct as alleged herein is willful and is intended to and likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendant with CSCI, or as to the origin, sponsorship or approval of Defendant's goods, services, or commercial activities by CSCI.

51. Defendant's conduct constitutes false designation of origin and unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

52. Upon information and belief, CSCI is being irreparably damaged by Defendant's unfair competition in the manner set forth above and will continue to be damaged unless Defendant is enjoined from using the CSCI's registered SPORT COURT Marks or any colorable imitation thereof.

53. CSCI is entitled to injunctive relief under 15 U.S.C. § 1116(a) as there is no adequate remedy at law to fully redress Defendant's illegal conduct.

54. In addition to injunctive relief, CSCI is entitled to all actual damages and lost profits that it has sustained in the amount to be determined at trial, including but not limited to up to three times Defendant's profits and gains as a result of its unfair competition described above, attorneys' fees, and the costs of this action pursuant to 15 U.S.C. § 1117.

### THIRD CAUSE OF ACTION

#### FEDERAL TRADEMARK DILUTION - 15 U.S.C. § 1125(c)

55. CSCI realleges and incorporates by reference paragraphs 1 through 33 as if fully set forth herein.

56. CSCI owns the '976 Registration, '586 Registration, '818 Registration, and '328 Registration—all valid United States trademark registrations for the SPORT COURT Mark and

holds the exclusive rights to market and sell its products and services bearing the SPORT COURT Mark.

57. The SPORT COURT Mark is famous and distinctive and is entitled to protection against dilution pursuant to 15 U.S.C. § 1125(c).

58. Defendant is not authorized by CSCI to use the SPORT COURT Mark in connection with Defendant's goods and services.

59. Defendant's unauthorized use of the Infringing Mark is likely to cause dilution by blurring and/or tarnishment, pursuant to 15 U.S.C. § 1125(c).

60. CSCI has been and will continue to be damaged by Defendant's use of the Infringing Mark.

61. Defendant's actions are willful, intentional and/or deliberate.

62. CSCI is entitled to injunctive relief under 15 U.S.C. § 1116(a) as there is no adequate remedy at law to fully redress Defendant's illegal conduct.

63. In addition to injunctive relief, CSCI is entitled to all actual damages and lost profits that it has sustained in the amount to be determined at trial, including but not limited to up to three times Defendant's profits and gains as a result of its unfair competition described above, attorneys' fees, and the costs of this action pursuant to 15 U.S.C. § 1117.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests that the Court enter a judgment in favor of CSCI as follows:

A. That the Court enter judgment that Defendant's use of the Infringing Mark is likely to cause confusion resulting in trademark infringement in violation of 15 U.S.C. §§ 1114 and 1125;

  B. That the Court enter judgment that Defendant's actions constitute false designation of origin and unfair competition in violation of 15 U.S.C. § 1125(a)(1)(A);

  C. That the Court enter judgment that Defendant has diluted CSCI's famous SPORT COURT Mark in violation of 15 U.S.C. § 1125(c);

  D. That the Court preliminarily and permanently enjoin Defendant from using the terms "sportscourt," "multi-sport court," "multi-sports court," "sport court," "sports court," "sport courts", or any colorable variation thereof that infringes the SPORT COURT Mark, or unfairly competes with CSCI;

  E. That the Court enter judgment that the SPORT COURT Mark is distinctive and not generic;

  F. That the Court require Defendant to sanitize its online presence, removing any and all infringement of the Infringing Mark from the visible text and hidden code on its website;

  G. That the Court order such other relief as the Court may deem appropriate to prevent the trade and public from deriving any erroneous impression that the products and services sold and promoted by Defendant under the Infringing Mark are authorized by CSCI or related in any way to CSCI's services;

  H. That the Court enter judgment ordering Defendant to provide CSCI with a full and complete accounting of all products sold and profits gained in connection with its infringing activities;

  I. That the Court enter judgment that CSCI recover from Defendant damages in an amount to be proven at trial, including general, special, actual, and statutory damages. Pursuant to 15 U.S.C. § 1117, the amounts should include CSCI's damages and Defendant's profits, if any,

11

trebled pursuant to 15 U.S.C. § 1117(b), or alternatively, enhanced statutory damages pursuant to 15 U.S.C. § 1117(c), for Defendant's willful violations of the SPORT COURT Mark;

J.  That the Court require Defendant to pay prejudgment and post-judgment interest until such awards are paid;

K.  That the Court require Defendant to pay CSCI's costs and attorneys' fees incurred in this action; and

L.  That the Court order such other and further relief for CSCI as shall seem just and proper to the Court.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, CSCI hereby demands a jury trial on all claims and issues so triable.

DATED this 24th day of March 2025.

Respectfully Submitted,

*/s/Joseph W. Bain* _____
**SHUTTS & BOWEN LLP**
Joseph W. Bain
Florida Bar No. 860360
Email: jbain@shutts.com
1100 City Place Tower
525 Okeechobee Boulevard
West Palm Beach, Florida 33401
Telephone: (561) 835-8500

Benjamin J. Gibson
Florida Bar No. 58661
Email: bgibson@shutts.com
215 South Monroe Street, Suite 804
Tallahassee, Florida 32301
Telephone: (850) 241-1723

Jodi-Ann Tillman
Florida Bar No. 1022214
Email: jtillman@shutts.com
201 East Las Olas Boulevard, Suite 2200
Fort Lauderdale, Florida 33301
Telephone: (561) 671-5822

*and*

**THORPE NORTH & WESTERN, LLP**
The Walker Center
175 S. Main Street, Suite 900
Salt Lake City, Utah 84111
Peter M. de Jonge
(*pro hac vice* application to be filed)
Mark Bettilyon
(*pro hac vice* application to be filed)
Amina Malik
(*pro hac vice* application to be filed)

*Attorneys for Plaintiff*,
Connor Sport Court International, LLC

TLHDOCS 14638455 1